**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Sobh,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Phoenix Graphix Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-18-04073-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Sam Sobh's Motion for Alternative Service (Doc. 8). For the following reasons, the motion is granted.

On November 14, 2018, Sobh filed the Complaint against Defendants Phoenix Graphix Incorporated, PGI/Phoenix Graphix Incorporated Profit Sharing Plan and Trust, Brian Kotarski, and Anne Kotarski. (Doc. 1.) On December 10, 2018, Sobh filed a Motion for Alternative Service (Doc. 6), which the Court denied without prejudice for failure to attach the Certificate of Due Diligence purported to be attached as Exhibit A, and for failure to cite the laws or rules of civil procedure that would authorize the requested relief (Doc. 7). On December 31, 2018, Sobh filed the present motion (Doc. 8).

Sobh asserts a belief that Defendants "Brian Kotarksi and/or Anne Kotarski" are the administrator of Defendant PGI/Phoenix Graphix Incorporated Profit Sharing Plan and Trust. (Doc. 8 at 2.) Sobh also asserts that Brian and Anne Kotarski are the owners of Phoenix Graphix Incorporated. (*Id.*) All of the attempts to serve the Defendants have been directed at serving Brian and Anne Kotarski.

Sobh explains—and the Certificate of Due Diligence signed by process server Richard G. Younger (*see id*. Ex. A) corroborates—that the process server attempted service (presumably for all named Defendants) at Phoenix Graphix Incorporated's business address on four separate dates. (*Id.* at 2.) On November 21, 2018, an employee informed the process server that owners Brian and Anne Kotarski were out of the office until after Thanksgiving. (*Id.*) On November 26, 2018, at 11:15 a.m., the process server was told that Brian and Anne Kotarski were out to lunch. (*Id.*) On November 28, 2018, at 1:30 p.m., the process server was told that Brian and Anne Kotarski were in a meeting. (*Id.*) On November 30, 2018, the process server called to confirm that Brian and Anne Kotarski were in the office, but when he arrived at 2:15 p.m., they had already left for the day. (*Id.*) Additionally, the process server twice attempted service at Brian and Anne Kotarski's residential address but was unable to enter the gate to the community. (*Id.* at 3.)

Rule 4(e) of the Federal Rules of Civil Procedure provides, in relevant part, that an individual "may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). A corporation or unincorporated association subject to suit under a common name may be served by the same means. Fed. R. Civ. P. 4(h)(1)(A).

Rule 4.1(k) of the Arizona Rules of Civil Procedure provides that "[i]f a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." The means of service provided in Rule 4.1(c) through 4.1(j) include some of the means of service attempted by Sobh. *See* Fed. R. Civ. P. 4.1(d); 4.1(i).

Under Arizona law, the standard for impracticability under Rule 4.1(k) "requires something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 903 (Ariz. Ct. App. 2010). "[T]he showing for alternative service requires something less than a complete inability to serve

the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process." *Id.* at 904. In the context of Rule 4.1(k), "impracticable" means that the traditional means of service have proven to be "extremely difficult or inconvenient." *Id.* at 903.

Here, the process server attempted to serve the Kotarskis at their place of business four times between November 21 and November 30 (one was the day before Thanksgiving, a day when many people are not at work). The process server also attempted service at their place of residence on two consecutive days but could not gain access to the gated community. It does not appear that any attempt at service has been made since December 1, 2018. The Court disagrees with Sobh's assessment that he has undertaken "great effort" (Doc. 8) to effectuate personal service on Defendants. Nevertheless, "great effort" is not the standard for impracticability, and courts have found similar levels of effort to satisfy the impracticability standard. *Blair*, 245 P.3d at 903-04 (attempted service at place of business and place of residence on five different days at different times satisfied standard); *Bank of New York Mellon v. Dodev*, 2018 WL 6132853, *7–8 (Ariz. Ct. App. 2018) (attempted service on five occasions, at different times of day satisfied standard). Thus, the Court finds that the traditional means of service have proved impracticable.

Because alternative service of process is appropriate, the Court now analyzes whether Plaintiff's proposed method of alternative service "comport[s] with constitutional notions of due process" such that it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Sobh seeks leave of the Court to effectuate service by (1) mailing copies of the documents to the business address of Phoenix Graphix Incorporated, (2) mailing copies of the documents to Brian and Anne Kotarski's residential address, and (3) leaving copies at the business address of Phoenix Graphix Incorporated. (Doc. 8 at 3.) Sobh knows both the business address and residential address of the Kotarskis, and the office staff gave

1  Sobh's process server information suggesting that the Kotarskis are generally physically
2  present in the office (although they were not available at the times when service was
3  attempted). Mailing to a business address is required under Arizona Rule 4.1(k), and
4  combined with the other two proposed means of service, the Court finds that the proposed
5  method of alternative service is reasonably calculated to apprise the Kotarskis of the
6  pendency of the action and afford them the opportunity to present their objections. *BMO
7  Harris Bank, N.A. v. Guthmiller*, 2014 WL 2600362, *3–4 (D. Ariz. 2014).

Therefore,

**IT IS ORDERED** that Plaintiff Sam Sobh's Motion for Alternative Service (Doc. 8) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file an affidavit upon completion of service specifying the date and details on which alternative service has been accomplished.

Dated this 10th day of January, 2019.

_____
Dominic W. Lanza
United States District Judge