**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Sobh,<br><br>  Plaintiff,<br><br>v.<br><br>Phoenix Graphix Incorporated, et al.,<br><br>  Defendants. | No. CV-18-04073-PHX-DWL<br><br>**ORDER** |

Pending before the Court are Defendants' motion to alter or amend the judgment (Doc. 24) and Defendants' motion to substitute counsel of record (Doc. 25). For the following reasons, both motions will be denied.

As background, on August 22, 2019, the Court granted Defendants' motion to dismiss. (Doc. 20.) Near the end of the order, the Court noted that Sobh had requested leave to amend and that Defendants had not "ask[ed] the Court to dismiss any of Sobh's claims with prejudice." (*Id.* at 11-12.) Thus, the Court stated, "to the extent Sobh wishes to attempt to revive some or all of the claims that were dismissed in this Order, he is granted leave to do so." (*Id.* at 12.) The Court also set a deadline of September 13, 2019 by which Sobh "may" file an amended complaint and instructed the Clerk of Court to "terminate this action and enter judgment accordingly" if Sobh failed to do so. (*Id.*)

On September 17, 2019, after Sobh declined to file anything, the Clerk of Court issued a judgment in Defendants' favor, which specified that "the complaint and action are dismissed *without* prejudice." (Doc. 22, emphasis added.)

On September 26, 2019, Sobh filed a new lawsuit against the same Defendants. That lawsuit has been randomly assigned to a different judge. (Case No. CV-19-5277-SRB, Doc. 1.) The filing of this new lawsuit, in turn, has prompted Defendants to move to amend the judgment in this case to reflect that Sobh's claims were dismissed *with prejudice*. (Doc. 24.)

This request will be denied. If the Court had ordered Sobh to file an amended complaint by a certain deadline, only for Sobh to ignore that deadline, it might have been possible to dismiss Sobh's complaint under Rule 41(b) as a sanction for ignoring a court order. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). In that scenario, the dismissal would arguably be with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."). But here, the Court didn't order Sobh to do anything—after dismissing his claims without prejudice, it merely gave him the option to file an amended complaint by a certain deadline. The Ninth Circuit recently clarified that it would be impermissible to issue a Rule 41(b) dismissal order under these circumstances. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891-92 (9th Cir. 2019) ("[T]he district court did not require that Plaintiff file an amended complaint following the initial Rule 12(b)(6) dismissal . . . and it did not indicate that failure to do so would result in dismissal of the complaint pursuant to Rule 41(b). . . . A grant of leave to amend is not an order to amend. Therefore, Rule 41(b) did not apply here, and the district court's dismissal on this ground constituted an abuse of discretion.").

Thus, Defendants are incorrect in their assertion that "the Court was dismissing this action *without prejudice* to Plaintiff's ability to replead, but if Plaintiff failed to do so by September 13, then the action would be terminated *with prejudice* to Plaintiff's ability to re-plead." (Doc. 24 at 4.) To the contrary, the Court merely dismissed Sobh's claims without prejudice. Accordingly, the Clerk of Court didn't commit a clerical error by denoting, in the judgment, that the dismissal was without prejudice.

Defendants' "manifest injustice" arguments (Doc. 24 at 4-5) also lack merit. A

dismissal without prejudice does not bar refiling and relitigating the same claims. By missing the deadline for filing an amended complaint, Sobh lost the opportunity to proceed with a new complaint without having to initiate a new action and pay a new filing fee. Moreover, a plaintiff who loses the opportunity to proceed in the case he initially filed, and who therefore must file an entirely new action, risks running afoul of any applicable statutes of limitations. *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821 (2d Cir. 1967) ("[A] dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to res judicata principles . . . ."); S. Gensler, 1 *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 15, at 401-02 (2018) ("[A]fter a dismissal . . . without prejudice . . . the plaintiff is free to simply file a new action. Often, however, the plaintiff will prefer to keep the original suit alive via leave to amend, perhaps because the statute of limitations has run and the plaintiff is trying to preserve the original filing date for relation back under Rule 15(c)."). But assuming no statute of limitations bars the new lawsuit, a dismissal without prejudice does not prevent a plaintiff from further litigating his claims.

Finally, as for Defendants' motion to substitute counsel of record (Doc. 25), this motion is moot because the above-captioned case is closed.

Accordingly,

**IT IS ORDERED** that Defendants' Rule 59(e) Motion to Amend the Judgment Or, in the Alternative, for Relief from Judgment Pursuant to Rule 60 (Doc. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion to substitute counsel of record (Doc. 25) is **DENIED AS MOOT**. The above-captioned case is closed, and the parties are ordered not to file any further motions in the above-captioned case.

Dated this 22nd day of October, 2019.

Dominic W. Lanza
United States District Judge